IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | | |
|---|---|---|
| AGRELIANT GENETICS, LLC, A Delaware Limited Liability Company d/b/a Great Lakes Hybrids | ) ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) ) | |
| v. | ) ) ) | Case 15-cv-02107 |
| STEVEN MEADE, | ) ) | |
| Defendant and Counter-Plaintiff. | ) ) ) ) | |
| and | ) ) | |
| STEVEN MEADE, | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| v. | ) ) ) | |
| PRO-AGR, INC., an Indiana corporation, and JERRY WALKER, | ) ) ) ) | |
| Third-Party Defendants. | ) ) ) | |
| and | ) ) | |
| PRO-AGR, INC., an Indiana corporation, and JERRY WALKER, | ) ) ) ) | |
| Third-Party Plaintiffs, | ) ) | |
| v. | ) ) ) | |
| AGRELIANT GENETICS, LLC, A Delaware Limited Liability Company d/b/a Great Lakes Hybrids and d/b/a Agrigold Hybrids; | ) ) ) ) ) | |
| Counter-Defendant. | ) ) | |

1

## OBJECTION TO AGRELIANT GENETICS, LLC'S MOTION TO EXTEND THE DEADLINE TO DISCLOSE EXPERT WITNESSES

NOW COMES the Third-Party Plaintiffs, PRO-AGR, INC., an Indiana corporation, and JERRY WALKER (hereinafter "ProAg"), by and through K. LINDSAY RAKERS of TAPELLA & EBERSPACHER LLC, their attorneys, and for their Objection to AgReliant Genetics LLC's (hereinafter "AgReliant") Motion to Extend the Deadline to Disclose Expert Witnesses, states as follows:

### FACTUAL BACKGROUND

On January 31, 2017, this Court granted AgReliant's own motion to amend the scheduling order. Pursuant to this January 31, 2017 scheduling order, AgReliant was to disclose experts no later than May 1, 2017 and make said experts available for deposition no later than May 30, 2107. *See* Docket Entry 60. Despite the scheduling order requiring an expert disclosure prior to May 1, 2017, AgReliant failed to disclose any experts and failed to timely request an extension of time to name experts. AgReliant now seeks an extension of time to name an expert(s).

In support of its motion, AgReliant has advised this Court that it has failed to timely disclose and expert because: (1) ProAg served discovery requests; (2) ProAg filed a Motion to Strike AgReliant's Affirmative Defenses; and (3) AgReliant is busy. ProAg served discovery requests on AgReliant on January 31, 2017. At no time did AgReliant file timely objections or otherwise timely indicate to ProAg that it objected to the number of discovery requests. Instead, on March 23, 2017, well past the due date for its answers and responses, counsel for AgReliant indicated there would be an additional two-week delay in responding to the requests. *See* **Exhibit A**, January 31, 2017 email exchange, attached hereto and incorporated by reference

2

herein.  Still, AgReliant did not serve discovery responses until May 30, 2017 – almost three months past the discovery responses due and also past the deadline to disclose experts.

Despite AgReliant's claims set forth in its Motion, AgReliant did not even raise the expert disclosure deadline until Pro-Ag's counsel pointed out the deadline had passed during the May 30, 2017 status conference with this Court.  Even so, AgReliant did not file a Motion to Extend the deadlines until June 13, 2017 – well after the deadlines had passed and fourteen days after the status conference.  This is true despite the fact that AgReliant filed this cause of action on May 19, 2015 – over two years ago.  It is completely absurd for the Plaintiff in this case to claim, two years later, that it did not expect to have to answer discovery and that it was not prepared to find and retain an expert witness.  It is also no excuse for AgReliant to miss an expert disclosure deadline simply because AgReliant has had other litigation matters and has had a busy quarter.

AgReliant claims that an extension until August 31, 2017 to name and make experts available will not otherwise disturb the discovery schedule in place.  That is simply not true. While it is unreasonable for a Plaintiff to not expect to have to make an expert disclosure, it is certainly reasonable for a Defendant, in this case ProAg, to not retain experts until it is confirmed that Plaintiff has secured an expert.  While AgReliant requests an extension of time for Defendant Meade to name and present experts, notably without such a request from Meade, AgReliant completely ignores ProAg's deadline to disclose experts.  If Defendant Meade's experts are not made available until the end of October, 2017, there is no possible way for ProAg to hire, name, and produce its experts by November 2017.  A delay of this trial would be a substantial prejudice to ProAg, who has been attempting to manage its business appointments and endeavors based upon this trial date.

For the reasons set forth in this Objection, AgReliant's Motion must be denied.

## ARGUMENT

Pursuant to F.R.C.P. 6(b)(1)(B), this Court may, for good cause, extend the deadline on a motion made after the time has expired if the party failed to act because of excusable neglect. "Neglect is generally not excusable when a party should have acted before the deadline." *Flint v. City of Belvidere*, 791 F.3d 764, 768 (7th Cit. 2015) *citing Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010). The reasons for the delay – including whether it was within the reasonable control of the movant – must be considered. *Pioneer Inv. Servs. Co. v. Brunswich Assocs. Ltd. Partnership*, 507 U.S. 380, 395 (1993). When a party's own lack of diligence is to blame for its failure to secure discoverable information, a post-deadline extension is not proper. *Grayson v. O'Neill*, 308 F.3d 808, 816 (7th Cir. 2002).

The Court must take into consideration "the danger of prejudice to the non-movant, the length of the delay, and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." The Court placed emphasis on the reason for the delay being the most important factor, explaining that there will be no excusable neglect absent a good reason, regardless of how short the delay or how little prejudice. *Pioneer, supra*; *Satkar Hospitality, Inc. v. Fox Television Holdings*, 767 F.3d 701, 707 (7th Cir. 2014).

A party is "accountable for the acts and omissions of [her] attorneys." *Pioneer,* 507 U.S. at 396-97; *see also Moje v. Fed. Hockey League*, LLC, 792 F.3d 756, 758 (7th Cir. 2015 ("[A] lawyer's errors are imputed to the client for the purpose of [excusable neglect])". It is "widely accepted that neglect due to a busy schedule is not excusable". *Keeton v. Morningstar, Inc.*, 667

4

F.3d 877, 883 (7th Cir. 2012) *citing Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006).

Once it is determined that an extension of time is not warranted under Rule 6, the Court must then determine if the party will be permitted to bring an expert witness to trial given the lack of disclosure. Rule 37(c)(1) is clear in that if a party fails to identify a witness pursuant to Rule 26, the party is simply not allowed to use such a witness at trial unless the failure was substantially justified or is harmless. In *Hassebrock*, Plaintiff sought an extension of time to name an expert. The Court found that Plaintiff's failure was not substantially justified or harmless because Plaintiff could have raised the difficulties earlier and an extension would prejudice defendants. As such, the Plaintiff in *Hassebrock* was not permitted to present expert testimony at trial. *Hassebrock v. Bernhoft*, 815 F.3d 334, (7th Cir. 2016).

Here, although AgReliant attempts to place the blame for its failure to comply with the discovery schedule on ProAg, either AgReliant's own lack of diligence or its counsel's lack of diligence is the true cause for the failed disclosure – neither of which are to be considered "excusable" under the rules. The ability to comply with Rule 26 was completely within AgReliant's control. Even with AgRelient's anticipated busy quarter, which by its own admission is expected each year, AgReliant filed this lawsuit and could have sufficiently planned ahead to timely disclose its experts.

Plaintiff not only failed to timely secure and disclose its expert, it also failed to timely request an extension of time from this Court. AgReliant's claim that ProAg caused it to miss its own expert disclosure deadline is disingenuous. ProAg has a legal right to serve discovery requests and also respond to pleadings filed by Plaintiff. At this point in time, if an extension is granted, the scheduled trial date will almost certainly have to be delayed. ProAg has a right to a

5

speedy trial and has planned for the trial date as scheduled.  To allow AgReliant to now disclose expert witnesses and delay this cause would be a substantial prejudice to ProAg.  For the reasons set forth in this Objection, AgReliant's neglect simply cannot be deemed "excusable" pursuant to Rule 6 under these circumstances.  Additionally, pursuant to Rule 37, AgReliant must be barred from presenting any expert testimony whatsoever at trial.

    Wherefore, Third-Party Plaintiffs, PRO-AGR, INC. and JERRY WALKER pray that this Court will deny AGRELIANT GENETICS, LLC's Motion to Extend the Dates and Deadlines, rule that AGRELIANT be barred from presenting expert testimony at trial pursuant to Rules 26, 37 and 6, and for such other, further, and different relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

PRO-AGR, INC., and
JERRY WALKER, Third Party Defendants,

By:    s/K. Lindsay Rakers
        K. Lindsay Rakers
        Bar Number: 6276763
        Tapella & Eberspacher LLC
        P.O. Box 627
        Mattoon, Illinois 61938-0627
        T: 217-639-7800
        F: 217-639-7810
        rakers@tapellalaw.com
        bw.6.19.17 #5-5345.0000

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA, ILLINOIS

| | |   |
|---|---|---|
| AGRELIANT GENETICS, LLC, <br> A Delaware Limited Liability Company <br> d/b/a Great Lakes Hybrids | ) <br> ) <br> ) | |
| Plaintiff and Counter-Defendant, | ) <br> ) <br> ) | |
| v. | ) | Case 15-cv-02107 |
| STEVEN MEADE, | ) | |
| Defendant and Counter-Plaintiff. | ) <br> ) | |
| and | ) | |
| STEVEN MEADE, | ) | |
| Third-Party Plaintiff, | ) | |
| v. | ) | |
| PRO-AGR, INC., an Indiana corporation, and JERRY WALKER, | ) <br> ) | |
| Third-Party Defendants. | ) | |
| and | ) | |
| PRO-AGR, INC., an Indiana corporation, and JERRY WALKER, | ) <br> ) | |
| Third-Party Plaintiffs, | ) | |
| v. | ) | |
| AGRELIANT GENETICS, LLC, <br> A Delaware Limited Liability Company <br> d/b/a Great Lakes Hybrids and <br> d/b/a Agrigold Hybrids; | ) <br> ) <br> ) <br> ) | |
| Counter-Defendant. | ) | |

# CERTIFICATE OF SERVICE

I hereby certify that on June 20, 2017, I electronically filed an **Objection to AgReliant's Motion to Extend the Deadlines to Disclose Expert Witnesses** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

Mr. James A. Martinkus
Erwin, Martinkus & Cole, Ltd.
411 West University Avenue
P.O. Box 1098
Champaign, IL 61824
T: 217-351-4040
F: 217-351-4314
jim.martinkus@erwinlaw.com
*Counsel for Defendant Steven Meade*

Mr. Scott F. Fandre
Krieg DeVault, LLP
30 N. LaSalle St., Suite 2800
Chicago, Illinois 60601
T: 312-423-9300
F: 312-423-9303
sfandre@kdlegal.com
*Counsel for AgReliant Genetics d/b/a Great Lakes, Doug Little & Greg Manjak*

Mr. Jared L. Trigg
Acton & Snyder, LLP
11 East North Street
Danville, IL 61832
T: 217-442-0350
F: 217-442-0335
jared.trigg@acton-snyder.com
*Counsel for Doug Ronk*

There are no non-registered participants.

Respectfully submitted,

PRO-AGR, INC., and
JERRY WALKER, Third Party Defendants,

By:  s/K. Lindsay Rakers
  K. Lindsay Rakers
  Bar Number: 6276763
  Tapella & Eberspacher LLC
  P.O. Box 627
  Mattoon, Illinois 61938-0627
  T: 217-639-7800
  F: 217-639-7810
  rakers@tapellalaw.com
  bw.6.19.17  #5-5345.0000